IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:24-CV-136-BO-BM

| | |
|---|---|
| CATHLEEN C. BRYANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| NEWREZ LLC dba SHELLPOINT ) | |
| MORTGAGE SERVICING, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This cause comes before the Court on plaintiff's motion to remand this action to Onslow County Superior Court. Defendants NewRez LLC dba Shellpoint Mortgage Servicing (Shellpoint), Selene Finance LP, and U.S. Bank Trust National Association have responded in opposition and the motion is ripe for disposition. Plaintiff further seeks extensions of time to respond to motions to dismiss pending the Court's resolution of the motion to remand. For the reasons that follow, the motion to remand is denied and the motions for extension of time are granted.

BACKGROUND

On March 11, 2024, plaintiff initiated a civil action by filing a complaint in Onslow County Superior Court. [DE 1-1 at 32]. On August 20, 2024, plaintiff filed a first amended complaint against defendants Shellpoint; Substitute Trustee Services; Hutchens Law Firm, LLC; Hanna Hein; Selene Finance LP; and U.S. Bank Trust National Association, not in its individual capacity, but solely as owner trustee for RCAF Acquisition Trust. [DE 1-2 at 49]. Defendants Selene Finance and U.S. Bank Trust National Association (U.S. Bank Trust) filed a notice of removal based upon this Court's federal question jurisdiction on September 23, 2024. Selene Finance and U.S. Bank

Trust were not named in the original complaint and the remaining defendants consented to the removal. [DE 1].

Plaintiff, who proceeds in this action *pro se*, filed a motion to remand. Plaintiff argues that this action was filed as part of a state foreclosure proceeding and that removal is jurisdictionally and procedurally flawed. Plaintiff argues that the removal is based on her defensive pleading, not the original pleadings, and that the *Princess Lida* doctrine, *Younger* abstention, the *Rooker-Feldman* doctrine, and the Anti-Injunction Act all mandate remand. Plaintiff further argues that the removal was untimely as it was filed more than thirty days from the filing of the initial pleading, which was filed on January 10, 2024, and that she, as respondent to the foreclosure proceedings, had authority to remove, not defendants. Finally, plaintiff contends that she is entitled to reasonable expenses from all defendants as the removing defendants did not have an objectively reasonable basis for removal.

## DISCUSSION

Removal of a civil action from state court is only proper where the federal district courts would have original jurisdiction, 28 U.S.C. § 1441, and it is the burden of the removing party to show that jurisdiction lies in the federal court. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc). Removal jurisdiction must be construed strictly in light of federalism concerns, and if jurisdiction in the federal district court is determined to be doubtful, remand is required. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Irrespective of plaintiff's description of the document as a "defensive pleading," plaintiff filed a complaint seeking temporary and preliminary injunctive relief against defendants in Onslow

County Superior Court. Within that complaint, she alleges fifteen claims for relief, including a claim under the federal Fair Debt Collection Practices Act (FDCPA). 15 U.S.C. § 1692, *et seq*. Plaintiff alleges specific acts by defendants which she contends violated the FDCPA and seeks damages, including statutory damages, based upon the same.

Plaintiff's FDCPA claim arises under federal law. The Court may further exercise jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. The procedural requirements for removal were also satisfied. Plaintiff's amended complaint was filed on August 20, 2024. The notice of removal was filed on September 23, 2024, and the removing defendants state they filed the notice of removal within thirty days of receiving service of process of the amended complaint. *See* 28 U.S.C. § 1446(b); *Moehring v. Mortg. Elec. Registration Sys., Inc.*, No. 3:13-CV-00567-MOC, 2014 WL 1091071, at *3 (W.D.N.C. Mar. 17, 2014).

Plaintiff's arguments regarding the applicability of abstention and other doctrines are without merit, and appear based on plaintiff's view that her state court complaint is not a stand-alone proceeding, but rather her defense to ongoing foreclosure proceedings. However, the amended complaint filed in Onslow County Superior Court initiated a civil action and is removable, and plaintiff has failed to persuasively argue that this Court should not exercise jurisdiction over her claims.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion to remand [DE 13] is DENIED. Plaintiff's motions for extension of time to respond to the pending motions to dismiss [DE 16; DE 17] are GRANTED. Plaintiff shall have through and including April 23, 2025, to respond to the motions to dismiss.

SO ORDERED, this __1__ day of April 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE