IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:24-CV-136-BO-BM

| | |
|---|---|
| CATHLEEN C. BRYANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     O R D E R |
| | ) |
| NEWREZ LLC dba SHELLPOINT | ) |
| MORTGAGE SERVICING, *et al.*, | ) |
| | ) |
| Defendants. | ) |

This cause comes before the Court on a motion to dismiss filed by defendants Selene Finance LP and U.S. Bank National Trust Association. [DE 4]. Defendants Hannah Hein; Hutchens Law Firm, LLP; Substitute Trustee Services, Inc.; and NewRez LLC dba Shellpoint Mortgage Servicing have filed memoranda in support of motions to dismiss which were filed prior to removal of the action to this Court. [DE 6]; [DE 12]. Plaintiff, who proceeds *pro se*, has responded [DE 19], or the time for doing so has expired. [DE 20]. In this posture, the motions are ripe for disposition. For the reasons that follow, the motions to dismiss are granted in part.

## BACKGROUND

On March 11, 2024, plaintiff initiated a civil action by filing a complaint in Onslow County Superior Court. [DE 1-1 at 32]. On August 20, 2024, plaintiff filed a first amended complaint against defendants NewRez LLC; Substitute Trustee Services; Hutchens Law Firm, LLC; Hanna Hein; Selene Finance LP; and U.S. Bank Trust National Association, not in its individual capacity, but solely as owner trustee for RCAF Acquisition Trust. [DE 1-2 at 49]. Defendants Selene Finance and U.S. Bank Trust National Association filed a notice of removal based upon this Court's federal question jurisdiction on September 23, 2024. This Court denied plaintiff's motion to remand the

action to Onslow County Superior Court and granted her request for additional time to respond to two of the motions to dismiss. [DE 20]. Plaintiff has failed to respond to those motions and the time for doing so has expired.

Plaintiff alleges that she is the owner of real property at 2117 Lenox Street in Jacksonville, North Carolina (the Lenox St. Property or the Property). Plaintiff alleges that she and her mother, Mary A. Collins (Mrs. Collins), owned the property as joint tenants with right of survivorship and that, after her mother's death, plaintiff is the surviving tenant. Plaintiff further alleges that she has an insurable interest on the Lenox Steet Property and that the subject hazard policy was in effect on September 14, 2018.

The Lenox Street Property was purchased by Mrs. Collins in December 2013. Mrs. Collins provided a cash deposit of $150,000 and obtained a $417,000 mortgage loan (the Loan) from First Financial Services secured by a mortgage on the Property. Mrs. Collins is the sole-borrower under the promissory note evidencing the Loan (the Note) and was seventy-eight years old at the time she purchased the Property. In April 2014, Mrs. Collins deeded the Lenox Street Property to herself and plaintiff via a North Carolina Quitclaim Deed.

Plaintiff alleges that the Lenox Street Property sustained serious damage from Hurricane Florence in September 2018. Plaintiff alleges that she provided proof that repairs to the Property were not economically feasible, but that the insurance proceeds were not credited to her account and the servicers have improperly withheld $134,000 without applying these funds to the Loan. Mrs. Collins died in 2019, and plaintiff alleges that she is Mrs. Collins' heir and the executor of her estate.

Following Mrs. Collins' death, the Loan went into default. The lender proceeded with a power of sale foreclosure and appointed defendant Substitute Trustee Services as substitute trustee.

2

Case 4:24-cv-00136-BO-BM    Document 22    Filed 08/18/25    Page 2 of 6

Defendant Hutchens Law Firm represents STS and defendant Hanna Hein is an employee of Hutchens Law Firm.

A foreclosure proceeding was instituted in Onslow County and on February 14, 2024, the Onslow County Assistant Clerk entered an order allowing foreclosure. The foreclosure sale of the Lenox Street Property was noticed for March 13, 2024.

Plaintiff filed this action in Onslow County Superior Court on March 11, 2024. As the Court has discussed previously, though plaintiff describes this proceeding as a defense to the foreclosure, it is a civil action in which plaintiff has alleged fifteen claims for relief and seeks declaratory and injunctive relief as well as damages.

## DISCUSSION

Defendants have moved to dismiss plaintiff's complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted). However, a court does not "act as an advocate for a pro se litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), nor is it required to "'discern the unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (citation omitted).

The Court's basis for asserting original jurisdiction over this action is plaintiff's claim under the Fair Debt Collection Practices Act (FDCPA). 15 U.S.C. § 1692, *et seq*. The FDCPA was enacted in part to "eliminate abusive debt collection practices by debt collectors" and regulate debt collection practices. 15 U.S.C. § 1692(e). To prevail on a FDCPA claim, a plaintiff must show that "(1) he was the object of collection activity arising from a consumer debt as defined by the FDCPA, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant engaged in an act or omission prohibited by the FDCPA." *Johnson v. BAC Home Loans Servicing*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011).

A consumer is defined by the FDCPA as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). A debt is defined by the FDCPA as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). Although plaintiff's allegations are lengthy, plaintiff has not alleged that she is a party to the Loan, that she is obligated or allegedly obligated on the Loan, or that she has agreed to assume the subject debt following her mother's death. She is therefore not a proper party to pursue an FDCPA claim.

4

In response, plaintiff argues that she is a consumer for purposes of the FDCPA because she is the executor of her mother's estate and her mother's personal representative. But plaintiff does not allege that any debt has been attempted to be collected from her *personally*, rather than in a capacity related to her mother's estate. *See Morris v. Reverse Mortg. Sols., Inc.*, No. 5:16-CV-07899, 2017 WL 1351406, at *3 (S.D.W. Va. Apr. 10, 2017) ("She does not allege that RMS suggested that she has a personal obligation to repay the loan or that it sought to collect a debt from her personally.").

Plaintiff is correct that "*any person*—not just any debtor—who is the subject of abusive debt collection efforts may bring suit pursuant to" the FDCPA. *Rawlinson v. L. Off. of William M. Rudow, LLC*, 460 F. App'x 254, 258 (4th Cir. 2012); *see also McNaney v. American Collections Enterprise.*, No. 1:23-CV-02396-JRR, 2024 WL 3013158, at *7 (D. Md. June 14, 2024). But plaintiff does not allege that any of the defendants have tried to impose liability for the Loan on her, or, in other words, collect the debt from plaintiff. Plaintiff's allegations for this claim are based on allegedly false representations about the character, amount, and status of the Loan, false statements that nonpayment on the Loan will result in the sale of the Lenox St. Property, threatening to take action could not legally be taken, and failing to disclose in all communications that the communication was an attempt to collect a debt. To the extent plaintiff's allegations are more than bald and unsupported, they nonetheless do not plausibly allege any abusive efforts on behalf of any defendant in an attempt to collect the debt from plaintiff, or that plaintiff is an otherwise aggrieved party. *See* 15 U.S.C. §§ 1692d; 1692f; *Johnson*, 867 F. Supp. 2d at 780.

Accordingly, plaintiff has failed to state a claim under the FDCPA and her FDCPA claim is properly dismissed. The Court must then determine whether it will exercise jurisdiction over plaintiff's remaining claims, each of which arises under state law. "The doctrine of supplemental

jurisdiction indicates that federal courts generally have discretion to retain *or* dismiss state law claims when the federal basis for an action drops away." *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995). As the sole basis for this Court's subject matter jurisdiction has dropped away, the Court, in its discretion, declines to exercise jurisdiction over the remaining state law claims. The remaining claims are based solely on state law, the Court discerns no inconvenience or lack of fairness to the parties should it decline to exercise supplemental jurisdiction, and this case is not so advanced that any economies would be gained by this Court retaining jurisdiction. *Id.* at 110; *see also Jennifer Belter Formichella, PLLC v. Fisher*, No. 1:12CV85, 2012 WL 2501110, at *3 (W.D.N.C. June 28, 2012) (noting that federal courts do not interfere in foreclosure proceedings). Because this action has been removed, the Court will remand the remaining claims to state court. *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001).

## CONCLUSION

Accordingly, defendants' motions to dismiss filed both here [DE 4] and in the state court action are GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART. Plaintiff's claim arising under the Fair Debt Collection Practices Act is DISMISSED with prejudice. The Court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims. The remaining claims are therefore REMANDED to Onslow County Superior Court.

SO ORDERED, this 18 day of August 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6

Case 4:24-cv-00136-BO-BM    Document 22    Filed 08/18/25    Page 6 of 6